## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Daniel Feiertag, Demetrius Swink, William Brown, Charles Burgeson, Victoria Bryla, Nicholas Gravelle, Michael Greenlee, Kevin Kaiser, Duane Perry, Lynn Phillips, Anthony Rodriguez, Brian Steinberg, Brice Williams, on behalf of themselves, all other similarly situated employees nationwide, and the Rule 23 Classes,<br><br>          Plaintiffs,<br><br>v.<br><br>DDP Holdings, LLC d/b/a Apollo Retail Specialists, LLC<br><br>          Defendant. | Court File No.: 2:14-cv-02643-ALM-EPD<br><br><br>**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiffs bring this action (a) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, (b) as an opt-out Rule 23 class action on behalf of all similarly situated individuals in the states of Arkansas, California, Colorado, Illinois, Indiana, Michigan, Missouri, North Carolina, New York, Ohio, Pennsylvania, and Washington, and (c) as an opt-out Rule 23 class action on behalf of all similarly situated individuals for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*.

## <u>PRELIMINARY STATEMENT</u>

1.    This case is about Defendant DDP Holdings, LLC d/b/a Apollo Retail Specialists, LLC's ("Apollo" or "Defendant") disregard of federal laws governing employee rights, specifically federal laws governing overtime and employment-related background checks.

- 1 -

2.      Defendant failed to pay proper overtime wages to Plaintiffs and its other field employees who provide support services to national third party retailers (e.g., Lowe's, K-Mart, Family Dollar, Dollar General, and Walgreens) that contract with Defendant.  Plaintiffs Daniel Feiertag, Demetrius Swink, William Brown, Charles Burgeson, Victoria Bryla, Nicholas Gravelle, Michael Greenlee, Kevin Kaiser, Duane Perry, Lynn Phillips, Anthony Rodriguez, Brian Steinberg, Brice Williams, ("Plaintiffs") and other similarly situated workers are or were employed by Defendant as "Field Employees" to provide certain support services such as construction, assembly, installation, merchandising, service calls, and display set-up services to the third party retailers.  During the applicable statutory period, Plaintiffs and those similarly situated were classified as non-exempt and eligible for overtime pay, worked more than more than forty (40) hours per workweek, but were not paid the proper overtime premiums for all of their overtime hours.

3.      Defendant also failed to provide employees and applicants with a legally required disclosure prior to obtaining a criminal background reports on them.  In light of the potentially determinative role that consumer reports can play regarding an applicant's employment prospects, employers are required to ensure that all applicants are aware of the employer's intention to procure a background check.  Specifically, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless …a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes."  15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).  This requirement is frequently referred to as the "stand alone disclosure requirement."  Defendant has willfully and systematically violated 15 U.S.C. §

1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff Swink and other putative class members for employment purposes, without first making the disclosures that are required by the FCRA.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.*

5.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 because Plaintiffs' state and federal claims derive from a common nucleus of operative fact, and are so related that they form part of the same case or controversy.

6.     Venue in this district is proper under 28 U.S.C. § 1391 because Defendant contracted with national retailers in and around Columbus, Ohio, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

### Plaintiffs

7.     Plaintiff Daniel Feiertag is an adult resident of the State of Ohio.  Plaintiff Feiertag has been employed by Defendant since approximately December 2012.  Plaintiff Feiertag is currently employed by Defendant as "Field Employee" and works as a field team lead.  Defendant has assigned jobs to Plaintiff Feiertag at various locations throughout Ohio and numerous other states throughout the United States.  Plaintiff Feiertag brings this action individually and on behalf of all similarly situated individuals nationwide (the "FLSA Collective"), pursuant to the FLSA, 29 U.S.C. § 216(b).  Plaintiff Feiertag also brings this action individually and as a representative of all similarly situated individuals who worked in the State of Ohio (the "Ohio Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil

Procedure, to remedy violations of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 *et seq.*

8.       Plaintiff Michael Greenlee is an adult resident of the State of Arkansas. Plaintiff Greenlee has been employed by Defendant as a Field Employee since December 17, 2011.  Defendant has assigned jobs to Plaintiff Greenlee at various locations throughout Arkansas and numerous other states throughout the United States.  Plaintiff Greenlee brings this action individually and as a representative of all similarly situated individuals who worked in the State of Arkansas (the "Arkansas Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Ark. Code § 11-4-211.

9.       Plaintiff Victoria Bryla is an adult resident of the State of California.  Plaintiff Bryla was employed by Defendant from October 2013 through January 20, 2015.  Plaintiff Bryla worked as a Field Employee.  Defendant assigned jobs to Plaintiff Bryla at various locations throughout California and other states throughout the United States.  Plaintiff Victoria Bryla brings this action individually and as a representative of all similarly situated individuals who worked in the State of California (the "California Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the California Labor Code, Cal. Lab. Code § 510(a).

10.      Plaintiff Kevin Kaiser is an adult resident of the State of Colorado.  Plaintiff Kaiser has been employed by Defendant since November 14, 2012.  Plaintiff Kaiser works as a Field Employee.  Defendant has assigned jobs to Plaintiff Kaiser at various locations throughout Colorado and numerous other states throughout the United States.  Plaintiff Kevin Kaiser brings this action individually and as a representative of all similarly situated individuals who worked in the State of Colorado (the "Colorado Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Colorado Wage

Payment Act, 7 C.C.R. 1103-1, *et seq.*

11.     Plaintiff Brian Steinberg is an adult resident of the State of Illinois.  Plaintiff Steinberg has been employed by Defendant as a Field Employee since November 13, 2012. Defendant has assigned jobs to Plaintiff Steinberg at various locations throughout Illinois and numerous other states throughout the United States.  Plaintiff Steinberg brings this action individually and as a representative of all similarly situated individuals who worked in the State of Illinois (the "Illinois Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Illinois Payment of Wages Act, 820 ILCS 105/4a.

12.     Plaintiff Charles Burgeson is an adult resident of the State of Indiana.  Plaintiff Burgeson has been employed by Defendant since October 18, 2011, as a Field Employee. Defendant has assigned jobs to Plaintiff Burgeson at various locations throughout Indiana and numerous other states throughout the United States.  Plaintiff Burgeson brings this action individually and as a representative of all similarly situated individuals who worked in the State of Indiana (the "Indiana Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Indiana Minimum Wage Law, Ind. Code § 22-2-2-4(k).

13.     Plaintiff Brice Williams is an adult resident of the State of Michigan.  Plaintiff Williams has been employed by Defendant as a Field Employee since November 2012. Defendant has assigned jobs to Plaintiff Williams at various locations throughout Michigan and numerous other states throughout the United States.  Plaintiff Williams brings this action individually and as a representative of all similarly situated individuals who worked in the State of Michigan (the "Michigan Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Workforce Opportunity Wage Act, Mich. Comp. Laws §408.414, *et seq.*

14.     Plaintiff Lynn Phillips is an adult resident of the State of Missouri.  Plaintiff Phillips was employed by Defendant from August 2008 through November 2013.  Plaintiff Phillips works as a Field Employee.  Defendant has assigned jobs to Plaintiff Phillips at various locations throughout Missouri and numerous other states throughout the United States. Plaintiff Phillips brings this action individually and as a representative of all similarly situated individuals who worked in the State of Missouri (the "Missouri Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Missouri Minimum Wage Laws,  Mo. Stat. § 290.505, *et seq.*

15.     Plaintiff Duane Perry is an adult resident of the State of North Carolina. Plaintiff Perry has been employed by Defendant since December 17, 2011 as a Field Employee.  Defendant has assigned jobs to Plaintiff Perry at various locations throughout North Carolina and numerous other states throughout the United States.  Plaintiff Perry brings this action individually and as a representative of all similarly situated individuals who worked in the State of North Carolina (the "North Carolina Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.4.

16.     Plaintiff Anthony Rodriguez is an adult resident of the State of New York. Plaintiff Rodriguez has been employed by Defendant since November 2012 as a Field Employee.  Defendant has assigned jobs to Plaintiff Rodriguez at various locations throughout New York and numerous other states throughout the United States.  Plaintiff Rodriguez brings this action individually and as a representative of all similarly situated individuals who worked in the State of New York (the "New York Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the New York Labor Law, 12 NYCRR 142-2.2.

17.     Plaintiff William Brown is an adult resident of the State of Pennsylvania. Plaintiff Brown was employed by Defendant from November 15, 2011 through August 6, 2013.  Plaintiff Brown worked as a Field Employee.  Defendant assigned jobs to Plaintiff Brown at various locations throughout Pennsylvania and numerous other states throughout the United States.  Plaintiff Brown brings this action individually and as a representative of all similarly situated individuals who worked in the State of Pennsylvania (the "Pennsylvania Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Pennsylvania Minimum Wage Act, , 43 Pa. Cons. Stat. § 333.104.

18.     Plaintiff Nicholas Gravelle is an adult resident of the State of Washington. Plaintiff Gravelle was employed by Defendant from February 14, 2014 through June 1, 2015. Plaintiff Gravelle worked as a Field Employee.  Defendant assigned jobs to Plaintiff Gravelle at various locations throughout Washington and numerous other states throughout the United States.  Plaintiff Gravelle brings this action individually and as a representative of all similarly situated individuals who worked in the State of Washington (the "Washington Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Washington Minimum Wage Act, Wash. Rev. Code § 49.46.130.

19.     Plaintiff Demetrius Swink is an adult resident of the State of New Mexico. Plaintiff Swink is currently employed by Defendant as a Field Employee.  Defendant has assigned jobs to Plaintiff Swink at various locations throughout New Mexico and numerous other states throughout the United States.  Plaintiff Swink began his employment with Defendant in approximately October  2013.  In connection with his application for employment, Plaintiff Swink completed a form substantially similar to Exhibit C.  Plaintiff Swink brings this action individually and on behalf of all similarly situated individuals nationwide (the "FCRA Rule 23 Class"), pursuant to the FCRA, 15 U.S.C. 1681, *et seq.*

**Defendant**

20.     Defendant is a Florida corporation with its principal place of business in Tampa, Florida.  According to its website, Defendant is "one of the largest and most complete third party retail suppliers in North America, serving a variety of Fortune 500 companies across the U.S." It provides specialized support services for retail providers, including but not limited to new store construction, remodels, resets, displays, and assembly.

21.     Defendant operates in interstate commerce by, among other things, offering its services in multiple states across the country, including, but not limited to, Arkansas, California, Colorado, Illinois, Indiana, Michigan, Missouri, North Carolina, New York, Ohio, Pennsylvania, and Washington.

22.     Defendant's gross annual sales made or business done have been $500,000 or greater.

**FACTUAL ALLEGATIONS REGARDING
DEFENDANT'S OVERTIME VIOLATIONS**

23.      Plaintiffs, the FLSA Collective, and the Rule 23 Classes work or worked as Field Employees for Defendant within the past three years.

24.     Defendant did not compensate Plaintiffs, the FLSA Collective, and the Rule 23 Classes proper overtime wages, in violation of  requirements of the FLSA and the state laws of Arkansas, California, Colorado, Illinois, Indiana, Michigan, Missouri, North Carolina, New York, Ohio, Pennsylvania, and Washington.

25.     As Field Employees providing support services to retailers that contract with Defendant, Plaintiffs, the FLSA Collective, and the Rule 23 Classes performed various tasks including, but was not limited to: constructing displays (e.g. ceiling fans, track lighting), product assembly (e.g. assembling bicycles or furniture), new construction of entire stores or departments, resets (i.e. exchanging  one  product  for  another  on  shelves  or  end

caps), wiring/minor electrical work, erecting advertising signage of specific products, and installing/switching out coolers for refrigerated food. The FLSA and various state laws require covered employers, such as Defendant, to compensate all non-exempt employees such as Plaintiffs, the FLSA Collective, and the Rule 23 Classes, at a rate of not less than one and one-half times the regular rate of pay, for work performed in excess of forty (40) hours per workweek.

26.     Defendant compensated Plaintiffs, the FLSA Collective, and the Rule 23 Classes under the same pay plan that consists of four types of pay: 1) SISO (Sign In-Sign Out); 2) piece rate; 3) flat rate; and 4) project pay.

27.     Defendant classified Plaintiffs, the FLSA Collective, and the Rule 23 Classes as non-exempt employees.

28.     Defendant paid some, but not all, overtime premiums to Plaintiffs, the FLSA Collective, and the Rule 23 Classes for SISO pay assignments.

29.     Defendant did not pay Plaintiffs, the FLSA Collective, and the Rule 23 Classes an overtime premium when they worked on assignments designated as flat rate, piece-rate, or project pay assignments.

30.     Defendant required Plaintiffs, the FLSA Collective, and the Rule 23 Classes to work long hours in excess of forty (40) hours per week to complete all of their job responsibilities.

31.     Defendant did not pay Plaintiffs, the FLSA Collective, and the Rule 23 Classes the overtime compensation they were due for all of their overtime hours worked.

32.     For example, Defendant assigned Plaintiff Feiertag to work on a flat-rate assignment from June 7, 2014, through June 12, 2014. According to Defendant's time records, Plaintiff worked 71.75 hours during this workweek. Plaintiff Feiertag should have

received an overtime premium for 31.75 overtime hours. Defendant did not properly compensate Plaintiff Feiertag for his 31.75 overtime hours this workweek.

33.    As another example, Defendant assigned Plaintiff Swink to work a flat-rate assignment from September 2014 through December 2014. Plaintiff Swink routinely worked 70- hour weeks during this time period. Plaintiff Swink should have received an overtime premium for his 30 overtime hours. Defendant did not properly compensate Plaintiff Swink for his 30 overtime hours during these workweeks.

34.    Defendant operated under a common scheme to deprive Plaintiffs, the FLSA Collective, and the Rule 23 Classes of overtime compensation.

35.    Defendant was, or should have been, aware that Plaintiffs, the FLSA Collective, and the Rule 23 Classes performed work that required payment of overtime compensation.

36.    Defendant was aware of the overtime hours worked by Plaintiffs, the FLSA Collective, and the Rule 23 Classes because Defendant's timekeeping system required Plaintiffs, the FLSA Collective, and the Rule 23 State Law Classes to report (via telephone) the hours they worked on-site, and/or record them in Defendant's electronic timekeeping system.

37.    Defendant was also aware that Plaintiff Feiertag worked unpaid overtime hours because Plaintiff Feiertag inquired and complained to his district manager about not being paid proper overtime for his flat-rate assignments. In response, Plaintiff Feiertag's district manager explained to him in an email in June of 2014 that "flat rate hours unfortunately do not track to overtime if you are being paid the flat rate pay."

38.    Defendant's conduct as alleged in this Complaint was willful and in bad faith.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff Feiertag incorporates by reference the facts and allegations in the preceding paragraphs.

40. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Feiertag files this action individually and as a collective action on behalf of all similarly situated individuals nationwide, the "FLSA Collective." The proposed FLSA Collective is defined as follows:

> All "Field Employees" performing various support services for third party retailers, including working as field team leads, installers, merchandisers, assemblers, service route technicians, or other similar jobs for Defendant at any time within three years prior to the filing of this Complaint.

41. Plaintiff Feiertag has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). (*See* ECF No. 1-1.)

42. Plaintiff Feiertag and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving proper overtime compensation for their overtime hours worked.

43. Plaintiff Feiertag and the FLSA Collective are victims of Defendant's widespread and systematic illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.,* and that have caused significant damages to Plaintiff and the FLSA Collective.

44. Defendant has willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.,* as described in the Complaint in ways including, but not limited to, failing to pay employees proper overtime compensation for all hours worked in excess of forty in a workweek. Defendant's conduct as alleged in this Complaint constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

45. Defendant is liable under the FLSA for failing to properly compensate Plaintiff Feiertag and the FLSA Collective. Accordingly, notice should be sent to the FLSA

Collective.  There are numerous individuals that are similarly situated to Plaintiff Feiertag who have also suffered damages due to Defendant's common policy of failing to pay proper overtime wages.  These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join.  These individuals are known to Defendant and are readily identifiable through Defendant's records.

## RULE 23 CLASS ACTION ALLEGATIONS

46.    Plaintiffs Daniel Feiertag, William Brown, Charles Burgeson, Victoria Bryla, Nicholas Gravelle, Michael Greenlee, Kevin Kaiser, Duane Perry, Lynn Phil Anthony Rodriguez, Brian Steinberg, and Brice Williams, (collectively, "State Law Class Representatives") individually and on behalf of the respective proposed Rule 23 Classes, incorporate by reference the facts and allegations in the preceding paragraphs.

47.    The State Law Class Representatives bring Counts II-XIV individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. These named plaintiffs bring this action on behalf of the following classes (collectively "Rule 23 Classes"):

A.    Plaintiff Feiertag brings claims for relief for violation of Ohio state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Ohio Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of Ohio as a Field Employee at any time within the two (2) years prior to the date of the filing of the Complaint through June 10, 2015 (the "Ohio Class Period"), who were denied overtime pay under applicable law.

B.    Plaintiff Greenlee brings claims for relief for violation of Arkansas's state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Arkansas Rule 23 Class," who are part of the

following class:  all persons who were employed by Defendant in the State of Arkansas as a Field Employee at any time within the three (3) years prior to the date of the filing of the Complaint through June 10, 2015 (the "Arkansas Class Period"), who were denied overtime pay under applicable law.

C.      Plaintiff Bryla brings claims for relief for violation of California state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "California Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of California as a Field Employee at any time within the four (4) years prior to the date of the filing of the Complaint through June 10, 2015 (the "California Class Period"), who were denied overtime pay under applicable law.

D.      Plaintiff Kaiser brings claims for relief for violation of Colorado state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Colorado Rule 23 Class," who are part of the following class:  all persons who were employed by Defendant in the State of Colorado as a Field Employee at any time within the two (2) years prior to the date of the filing of the Complaint through June 10, 2015 (the "Colorado Class Period"), who were denied overtime pay under applicable law.

E.      Plaintiff Steinberg brings claims for relief for violation of Illinois state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Illinois Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of Illinois as a Field Employee at any time within the three (3) years prior to the date of the filing of the Complaint through June 10, 2015 (the "Illinois Class Period"), who were denied

overtime pay under applicable law.

F.      Plaintiff Burgeson brings claims for relief for violation of Indiana state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Indiana Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of Indiana as a Field Employee at any time within the three (3) years prior to the date of the filing of the Complaint through June 10, 2015 (the "Indiana Class Period"), who were denied overtime pay under applicable law.

G.      Plaintiff Williams brings claims for relief for violation of Michigan state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Michigan Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of Michigan as a Field Employee at any time within the three (3) years prior to the date of the filing of the Complaint through June 10, 2015 (the "Michigan Class Period"), who were denied overtime pay under applicable law.

H.      Plaintiff Phillips brings claims for relief for violation of Missouri state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Missouri Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of Missouri as a Field Employee at any time within the two (2) years prior to the date of the filing of the Complaint through June 10, 2015 (the "Missouri Class Period"), who were denied overtime pay under applicable law.

I.      Plaintiff Perry brings claims for relief for violation of North Carolina state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1),

(b)(2), and (b)(3), on behalf of the "North Carolina Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of North Carolina as a Field Employee at any time within the two (2) years prior to the date of the filing of the Complaint through June 10, 2015 (the "North Carolina Class Period"), who were denied overtime pay under applicable law.

      J.      Plaintiff Rodriguez brings claims for relief for violation of New York state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "New York Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of New York as a Field Employee at any time within the six (6) years prior to the date of the filing of the Complaint through June 10, 2015 (the "New York Class Period"), who were denied overtime pay under applicable law.

      K.      Plaintiff Brown brings claims for relief for violation of Pennsylvania state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Pennsylvania Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of Pennsylvania as a Field Employee at any time within the three (3) years prior to the date of the filing of the Complaint through June 10, 2015 (the "Pennsylvania Class Period"), who were denied overtime pay under applicable law.

      L.      Plaintiff Gravelle brings claims for relief for violation of Washington state law individually and as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the "Washington Rule 23 Class," who are part of the following class: all persons who were employed by Defendant in the State of Washington as a Field Employee at any time within the three (3) years prior to the date

of the filing of the Complaint through June 10, 2015 (the "Washington Class Period"), who were denied overtime pay under applicable law.

48.     The members of the proposed Rule 23 Classes are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. The State Law Class Representatives do not know the exact number of class members, but they are informed and believe that at least forty (40) class members in each state exist.  The identities of the Rule 23 Class members may be ascertained from Defendant's files and records.

49.     There are common questions of law and fact affecting the proposed Rule 23 Classes, including but not limited to whether Defendant unlawfully failed to pay proper overtime compensation, the proper measure of damages sustained by the class members, and whether Defendant should be enjoined from such violations in the future. The requirements of Rule  23(a)(2) are met.

50.     The State Law Class Representatives' claims are typical of the claims of the Rule 23 Classes as a whole.   The State Law Class Representatives and the Rule 23 Classes they seek to represent have suffered harm due to Defendant's failure to pay them proper overtime compensation for the hours they worked in excess of forty (40) hours per workweek. The requirements of Rule 23(a)(3) are met.

51.     The State Law Class Representatives will fairly and adequately protect the interests of the Rule 23 Classes, pursuant to Rule 23(a)(4).   The State Law Class Representatives' interests are not inconsistent with and not antagonistic to the interests of the class.  The State Law Class Representatives have retained counsel experienced in complex wage and hour class and collective action litigation.

52.     Prosecuting separate actions by individual members of the proposed Rule 23

- 16 -

Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the class, would establish incompatible standards of conduct for the party opposing the class, and would substantially impair or impede the interest of other members of the class to protect their interests.  Certification under Rule 23(b)(1) is appropriate.

53.     Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole.  Certification under Rule 23(b)(2) is appropriate.

54.     This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.  The members of the proposed Rule 23 Classes have been damaged and are entitled to recovery as a result of Defendant's common practices and uniform policies.  The damages suffered by the Rule 23 Class members are small compared to the expense and burden of individually prosecuting this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.  Certification under Rule 23(b)(3) is appropriate.

55.     The State Law Class Representatives intend to send notice to all members of the proposed State Law Classes to the extent required by Rule 23.

### FACTUAL ALLEGATIONS REGARDING DEFENDANT'S FCRA VIOLATIONS

56.     In approximately October, 2013 Plaintiff Swink applied for employment with Defendant by completing job application from Defendant.    Shortly thereafter, he secured employment with Defendant.

57.     In the application process, Plaintiff Swink filled out a form substantially similar

to the one attached as Exhibit C (henceforth "Background Screening Form").

58.     Defendant's Background Screening Form does not comply with the FCRA requirement that before procuring a consumer report for employment purposes a prospective employer must disclose that the employer may procure a consumer report for employment purposes in a document that "consists solely of the disclosure."  15 U.S.C. § 1681b.

59.     Defendant's Background Screening Form violated this "stand-alone disclosure" requirement because it contains a plethora of information extraneous to a disclosure that a consumer report will be procured for employment purposes.    Specifically, the Background Screening Form contained, among other defects:

- A statement that that offers of employment were "conditioned upon [Defendant's] receipt" of a consumer report, and that any applicant who refused to authorize such a report "will not be eligible for employment;"

- A statement that all background screening are conducted "in strict conformity" with various laws, including the Americans With Disabilities Act;

- A statement that Defendant reserves the right to conduct additional background checks later in the course of employment;

- A statement that, separate and apart from background checks, certain "skills tests related to the demands of the job" were required;

- A statement that Defendant "relies upon the accuracy" of information contained in an employment application, and conveyed in interviews;

- A statement that employees can be terminated for failure to comply, and that employees who are incarcerated can be terminated;

- A section in which the applicant purports to agree that background information is "of material importance to [Defendant];"

- A section in which the applicant purports to request that all holders of

- 18 -

background information cooperate with the background check process; and,

- A purported liability release for all entities which provide information in furtherance of the background check.

60.     Despite its failure to provide Plaintiff Swink with the required stand-alone disclosure, Defendant, in accordance with its standard procedure, subsequently requested that its outside consumer reporting agency, First Advantage, Inc. ("First Advantage") provide it with a consumer report on Plaintiff Swink.

61.     Defendant's conduct unambiguously violates the FCRA.  It is evident that a stand-alone disclosure cannot contain anything other than the disclosure and an authorization for a consumer report to be procured.  *See* 15 U.S.C. § 1681b(b)(2).  FTC guidance is clear that "the [disclosure] form should not contain any extraneous information." Exhibit D (Hauxwell, 1998).

62.     Courts have condemned forms very similar to Defendant's Background Screening Form for the inclusion of extraneous information.  *See e.g. Jones v. Halstead Management Co.*, 14-cv-03125, ECF No. 83 at 12 (S.D.N.Y., Jan. 27, 2015) (finding plaintiff stated a cause of action when "extraneous additions to the form stretched what should be a simple disclosure form to two full pages of eye-straining tiny typeface writing")

63.     Further, the inclusion of a purported liability waiver is a particularly well-established FCRA violation. *See, e.g.,* Exhibit D (Hauxwell, 1998) ("The inclusion of such a [liability] waiver in a disclosure form will violate Section 604(b)(2)(A)[1] of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."); *Reardon v. ClosetMaid Corp.*, 2:08-CV-01730, 2013 WL 6231606, *9 (W.D. Pa. Dec. 2, 2013) (granting summary judgment to plaintiff-class

---

[1] This section of the FCRA is currently located in the U.S. Code at 15 U.S.C. § 1681b(b)(2)(A). The text remains the same as it was when the guidance was issued.

and finding employer's willful violation of 15 U.S.C. § 1681b based on employer's inclusion of a liability waiver in a document purporting to constitute the required stand-alone disclosure); *Singleton v. Domino's Pizza, LLC*, CIV.A. DKC 11-1823, 2012 WL 245965 (D. Md. Jan. 25, 2012) ("Ultimately, both the statutory text an FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document").

64.     Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report on Plaintiff Swink for employment purposes without first providing Plaintiff Swink a clear and conspicuous written disclosure, in a document consisting *solely of the disclosure*, that a consumer report may be obtained for employment purposes.

65.      The foregoing violation was willful. Facts demonstrating the willfulness of Defendant's violation, include, but are not limited to, those contained in Paragraphs 68-81, *infra*.

66.     The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant.

67.     Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute.

68.      Defendant knew or had reason to know from its communications with First Advantage that Defendant's conduct violated the FCRA;

69.     The FCRA requires that, prior to procuring consumer reports, employers must certify to the consumer reporting agency that they will comply with the FCRA's stand-alone disclosure requirements.  See 15 U.S.C. § 1681b(b)(1).

70.     In accordance with First Advantage's standard procedures, First Advantage required Defendant to certify that it would comply with the stand-alone disclosure provisions of the FCRA.

71.     Defendant did, in fact, certify to First Advantage that it would comply with

the stand-alone disclosure provisions of the FCRA.

72.    In its contract with First Advantage, Defendant agreed that before obtaining a consumer report, Defendant would provide a disclosure in writing to the consumer that a consumer report will be obtained for employment purposes and that such disclosure will be made in a document consisting solely of the disclosure.

73.    Defendant also agreed to contact First Advantage to obtain special procedures for preparation and use of a consumer report in the case of suspected misconduct or violation of state, federal, or local law.   Plaintiff Swink's report was not procured by Defendant using the special procedures referred to in the contract for these kinds of reports.

74.    Defendant did not procure Plaintiff Swink's report in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

75.    Despite the warnings it received from First Advantage, and the representations it made to First Advantage, Defendant failed to provide its applicants with a stand-alone disclosure.

76.    Defendant repeatedly and routinely uses the forms it used with Plaintiff Swink to procure consumer reports;

77.    Despite the pellucid statutory text  and a depth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

78.    Defendant knowingly benefitted from its unlawful conduct by making it easier to obtain information for its reports;

79.     Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

80.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Swink files this action individually and as a class action on behalf of all similarly situated individuals, the "FCRA Rule 23 Class."  Plaintiff Swink seeks to represent the FRCA Rule 23 Class, which is defined as follows:

> All individuals who applied for employment with Defendant on whom Defendant procured a consumer report for employment purposes in the period beginning two years prior to the filing of the Complaint and continuing through the date the class list is prepared.

81.     Numerosity:   The class is so numerous that joinder of all class members is impracticable.   Defendant regularly procures consumer reports on job applicants after having provided only the form attached hereto as Exhibit C.  Thousands of Defendant's prospective and existing employees satisfy the class definition.

82.     Typicality:     Plaintiff Swink's claims are typical of the members of the class. Defendant typically uses the same job application forms for all applicants.  The FCRA violations suffered by Plaintiff Swink are typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other class members in accordance with its standard practices.

83.     Adequacy:     Plaintiff Swink will fairly and adequately protect the interests of the class and has retained counsel experienced in complex class action litigation.

84.     Commonality: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

A.     Whether Defendant procured consumer reports on prospective and existing employees;

B.     Whether Defendant violated the FCRA by procuring such consumer reports without a FCRA-compliant disclosure;

C.     Whether Defendant's FCRA violations were willful;

D.     The proper measure of statutory damages;  and

E.     The proper measure of punitive damages.

85.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.   Moreover, management of this action as a class action will not present any likely difficulties.   In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

86.     Plaintiff Swink intends to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23.  The names and addresses of the class members are available from Defendant's and First Advantage's records.

**CAUSES OF ACTION**

**COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW**
**The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
***On Behalf of Plaintiff Feiertag and the FLSA Collective***

87.     Plaintiff Feiertag incorporates by reference the facts and allegations in the preceding paragraphs.

88.     The FLSA, 29 U.S.C. § 207, requires employers to pay overtime compensation

to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

89.     Defendant routinely suffered and permitted Plaintiff Feiertag and the FLSA Collective to work more than forty (40) hours per week without overtime compensation.

90.     Defendant's actions, policies, and practices as described above violate the FLSA's overtime requirement by failing to properly compensate Plaintiff Feiertag and the FLSA Collective for their overtime hours worked.

91.     Defendant's conduct as alleged in this Complaint constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255, as Defendant knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.

92.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Feiertag and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff Feiertag and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### COUNT II – OVERTIME VIOLATIONS UNDER OHIO STATE LAW
**The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 *et seq.*
*On Behalf of Plaintiff Feiertag and the Ohio Rule 23 Class***

93.     Plaintiff  Feiertag incorporates by reference the facts and allegations in the preceding paragraphs.

94.     The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03, requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

95.      Defendant routinely suffered and permitted Plaintiff Feiertag and the Ohio Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

96.     Defendant's actions, policies, and practices as described above violate the Ohio Minimum Fair Wage Standards Act by failing to properly compensate Plaintiff Feiertag and the Ohio Rule 23 Class for their overtime hours worked.

97.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Feiertag and the Ohio Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

98.     Plaintiff Feiertag and the Ohio Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Ohio Rev. Code Ann. § 4111.10, § 2305.11, and other applicable state laws.

99.     Plaintiff Feiertag and the Ohio Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Ohio Rev. Code Ann. § 4111.03, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

### COUNT III – OVERTIME VIOLATIONS UNDER ARKANSAS STATE LAW
**The Minimum Wage Act of the State of Arkansas, Ark. Code Ann. § 11-4-211 *et seq.***
***On Behalf of Plaintiff Michael Greenlee and the Arkansas Rule 23 Class***

100.    Plaintiff Greenlee incorporates by reference the facts and allegations in the preceding paragraphs.

101.    The Minimum Wage Act of the State of Arkansas, Ark. Code Ann. § 11-4-211 (2014), requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

102.    Defendant routinely suffered and permitted Plaintiff Greenlee and the Arkansas Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

103.    Defendant's actions, policies, and practices as described above violate the Minimum Wage Act of the State of Arkansas by failing to properly compensate Plaintiff Greenlee and the Arkansas Rule 23 Class for their overtime hours worked.

104.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Greenlee and the Arkansas Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

105.    Plaintiff Greenlee and the Arkansas Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Ark. Code Ann. § 11-4-218, and other applicable state laws.

106.    Plaintiff Greenlee and the Arkansas Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Ark. Code § 11-4-218(a)(1), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

### COUNT IV – OVERTIME VIOLATIONS UNDER CALIFORNIA STATE LAW
**The California Labor Code, Cal. Lab. Code § 500 *et seq.***
***On Behalf of Plaintiff Bryla and the California Rule 23 Class***

107.    Plaintiff Bryla incorporates by reference the facts and allegations in the preceding paragraphs.

108.    California Labor laws, Cal. Lab. Code § 510(a), requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over eight (8) in a day and over forty (40) hours per workweek.  Cal. Lab. Code § 510(a) further requires employers to pay two times an employee's regular rate of pay for any work in excess of 12 hours in one day.

109.    Defendant routinely suffered and permitted Plaintiff Bryla and the proposed California Rule 23 Class to work more than eight (8) hours in a day and forty (40)

hours per week without overtime compensation.

110.    Defendant's actions, policies, and practices as described above violate the California Labor Code by failing to properly compensate Plaintiff Bryla and the proposed California Rule 23 Class for their overtime hours worked.

111.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Bryla and the proposed California Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

112.    Plaintiff Bryla and the California Rule 23 Class seek to recover attorneys' fees, costs, interest, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Cal. Lab. Code §§ 558(a), 1194(a), and other applicable state laws.

113.    Plaintiff Bryla and the California Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Cal. Lab. Code §§ 558(a), 1194(a), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## COUNT V – OVERTIME VIOLATIONS UNDER COLORADO STATE LAW
### The Colorado Wage Payment Act, 7 C.C.R. 1103-1, *et seq.*
### *On Behalf of Plaintiff Kaiser and the Colorado Rule 23 Class*

114.    Plaintiff Kaiser incorporates by reference the facts and allegations in the preceding paragraphs.

115.    Colorado Department of Labor's Minimum Wage Order, 7 C.C.R. 1103-1, promulgated under the authority vested by Title 8, Articles 1, 4, 6, and 12, C.R.S., requires employers to pay overtime compensation to all non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

116.    Defendant routinely suffered and permitted Plaintiff Kaiser and the Colorado

Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

117.    Defendant's actions, policies, and practices as described above violate Colorado law by failing to properly compensate Plaintiff Kaiser and the Colorado Rule 23 Class for their overtime hours worked.

118.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Kaiser and the Colorado Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

119.    Plaintiff Kaiser and the Colorado Rule 23 Class seek to recover costs of the lawsuit, including attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Colo. Rev. Stat. § 8-6-118, 7 C.C.R. 1103-1 § 18, and other applicable state laws.

120.    Plaintiff Kaiser and the Colorado Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Colo. Rev. Stat. § 8-6-118, 7 C.C.R. 1103-1 § 18, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

### COUNT VI – OVERTIME VIOLATIONS UNDER ILLINOIS STATE LAW
**The Illinois Minimum Wage Law, 820 ILCS 105/4a, *et seq.***
***On Behalf of Plaintiff Steinberg and the Illinois Rule 23 Class***

121.    Plaintiff Steinberg incorporates by reference the facts and allegations in the preceding paragraphs.

122.    The Illinois Minimum Wage Law, 820 ILCS 105/4a(1), requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

123.    Defendant routinely suffered and permitted Plaintiff Steinberg and the

proposed Illinois Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

124.    Defendant's actions, policies, and practices as described above violate Illinois Minimum Wage Laws by failing to properly compensate Plaintiff Steinberg and the Illinois Rule 23 Class for their overtime hours worked.

125.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Steinberg and the Illinois Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

126.    Plaintiff Steinberg and the Illinois Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, prejudgment interests, and expenses of this action, to be paid by Defendant, as provided by 820 ILCS 105/12(a), and other applicable state laws.

127.    Plaintiff Steinberg and the Illinois Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by 820 ILCS 105/4a (1), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

### COUNT VII – OVERTIME VIOLATIONS UNDER INDIANA STATE LAW
**The Indiana Minimum Wage Law, Ind. Code § 22-2-2-1, *et seq*.**
*On Behalf of Plaintiff Burgeson and the Indiana Rule 23 Class*

128.    Plaintiff Burgeson incorporates by reference the facts and allegations in the preceding paragraphs.

129.    The Indiana Minimum Wage Law, Ind. Code § 22-2-2-4(k), requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

130.    Defendant routinely suffered and permitted Burgeson and the Indiana Rule 23

Class to work more than forty (40) hours per week without overtime compensation.

131.     Defendant's actions, policies, and practices as described above violate the Indiana Minimum Wage Laws by failing to properly compensate Plaintiff Burgeson and the Indiana Rule 23 Class for their overtime hours worked.

132.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Burgeson and the Indiana Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

133.     Plaintiff Burgeson and the Indiana Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Ind. Code § 22-2-2-9, and other applicable state laws.

134.     Plaintiff Burgeson and the Indiana Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Ind. Code § 22-2-2-4(k), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

### COUNT VII – OVERTIME VIOLATIONS UNDER MICHIGAN STATE LAW
**The Workforce Opportunity Wage Act, Mich. Comp. Laws §408.414,** *et seq.*
***On Behalf of Plaintiff Williams and the Michigan Rule 23 Class***

135.     Plaintiff Williams incorporates by reference the facts and allegations in the preceding paragraphs.

136.     The Workforce Opportunity Wage Act, Mich. Comp. Laws §408.414, sec. 4a.(1), requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

137.     Defendant routinely suffered and permitted Plaintiff Williams and the Michigan Rule 23 Class to work more than forty (40) hours per week without overtime

compensation.

138.    Defendant's actions, policies, and practices as described above violate the Workforce Opportunity Wage Act of the State of Michigan by failing to properly compensate Plaintiff Williams and the Michigan Rule 23 Class for their overtime hours worked.

139.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Williams and the Michigan Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

140.    Plaintiff Williams and the Michigan Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Mich. Comp. Laws § 408.419, sec. 9(1)(a), and other applicable state laws.

141.    Plaintiff Williams and the Michigan Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Mich. Comp. Laws §408.414, sec. 4a.(1), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

**COUNT IX – OVERTIME VIOLATIONS UNDER MISSOURI STATE LAW**
**Missouri Minimum Wage Laws, Mo. Stat. § 290.505, *et seq.***
***On Behalf of Lynn Phillips and the Missouri Rule 23 Class***

142.    Plaintiff Phillips incorporates by reference the facts and allegations in the preceding paragraphs.

143.    The Missouri Minimum Wage Law, Mo. Stat. § 290.505(1), requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

144.    Defendant routinely suffered and permitted Plaintiff Phillips and the Missouri Rule 23 Class to work more than forty (40) hours per week without overtime

compensation.

145.    Defendant's actions, policies, and practices as described above violate the Missouri law by failing to properly compensate Plaintiff Phillips and the Missouri Rule 23 Class for their overtime hours worked.

146.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Phillips and the Missouri Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

147.    Plaintiff Phillips and the Missouri Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Mo. Stat § 290.527, and other applicable state laws.

148.    Plaintiff Phillips and the Missouri Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Mo. Stat. § 290.505(1), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## COUNT X – OVERTIME VIOLATIONS UNDER NORTH CAROLINA STATE LAW
### North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.4
### *On Behalf of Plaintiff Perry and the North Carolina Rule 23 Class*

149.    Plaintiff Perry incorporates by reference the facts and allegations in the preceding paragraphs.

150.    The North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.4(a) requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

151.    Defendant routinely suffered and permitted Plaintiff Perry and the North Carolina Rule 23 Class to work more than forty (40) hours per week without overtime

compensation.

152.     Defendant's actions, policies, and practices as described above violate the North Carolina law by failing to properly compensate Plaintiff Perry and the North Carolina Rule 23 Class for their overtime hours worked.

153.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Perry and the North Carolina Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

154.     Plaintiff Perry and the North Carolina Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by N.C. Gen. Stat. § 95-25.22(a), (a1) and (d), and other applicable state laws.

155.     Plaintiff Perry and the North Carolina Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by N.C. Gen. Stat. § 95-25.4(a), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## COUNT XI – OVERTIME VIOLATIONS UNDER NEW YORK STATE LAW
### New York Labor Law, 12 NYCRR 142-2.2
*On Behalf of Plaintiff Anthony Rodriguez and the New York Rule 23 Class*

156.     Plaintiff Rodriguez incorporates by reference the facts and allegations in the preceding paragraphs.

157.     New York Labor Law, 12 NYCRR 142-2.2, requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

158.     Defendant routinely suffered and permitted Plaintiff Rodriguez and the New York Rule 23 Class to work more than forty (40) hours per week without overtime

compensation.

159.    Defendant's actions, policies, and practices as described above violate the North Carolina law by failing to properly compensate Plaintiff Rodriguez and the New York Rule 23 Class for their overtime hours worked.

160.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Rodriguez and the New York Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

161.    Plaintiff Rodriguez and the New York Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by NY CLS Labor § 663(1); NY CLS Labor § 198, and other applicable state laws.

162.    Plaintiff Rodriguez and the New York Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by 12 NYCRR 142-2.2, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## COUNT XII – OVERTIME VIOLATIONS UNDER PENNSYLVANIA STATE LAW
### Pennsylvania Minimum Wage Act, , 43 Pa. Cons. Stat. § 333.104
### *On Behalf of Plaintiff Brown and the Pennsylvania Rule 23 Class*

163.    Plaintiff Brown incorporates by reference the facts and allegations in the preceding paragraphs.

164.    The Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. § 333.104(c) requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

165.    Defendant routinely suffered and permitted Plaintiff Brown and the

Pennsylvania Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

166.   Defendant's actions, policies, and practices as described above violate the Pennsylvania law by failing to properly compensate Plaintiff Brown and the Pennsylvania Rule 23 Class for their overtime hours worked.

167.   As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Brown and the Pennsylvania Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

168.   Plaintiff Brown and the Pennsylvania Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by 43 Pa. Cons. Stat. §§ 260.9a(f), 260.10, and 333.113, and other applicable state laws.

169.   Plaintiff Brown and the Pennsylvania Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by 43 Pa. Cons. Stat. § 333.104(c), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## COUNT XIII – OVERTIME VIOLATIONS UNDER WASHINGTON STATE LAW
### Washington Minimum Wage Act, Wash. Rev. Code § 49.46.130
*On Behalf of Plaintiff Gravelle and the Washington Rule 23 Class*

170.   Plaintiff Gravelle incorporates by reference the facts and allegations in the preceding paragraphs.

171.   The Washington Minimum Wage Act, Wash. Rev. Code § 49.46.130(1) requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek in this section.

172.    Defendant routinely suffered and permitted Plaintiff Gravelle and the Washington Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

173.    Defendant's actions, policies, and practices as described above violate the Washington law by failing to properly compensate Plaintiff Gravelle and the Washington Rule 23 Class for their overtime hours worked.

174.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Gravelle and the Washington Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

175.    Plaintiff Gravelle and the Washington Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Wash. Rev. Code § 49.52.070, and other applicable state laws.

176.    Plaintiff Gravelle and the Washington Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by 43 Wash. Rev. Code § 49.46.130(1), and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

### COUNT XIV –VIOLATION OF THE FAIR CREDIT REPORTING ACT
**The Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.***
***On Behalf of Plaintiff Swink and the FCRA Rule 23 Class***

177.    Defendant repeatedly and willfully violated the FCRA by procuring consumer reports on Plaintiff Swink and the FCRA Rule 23 Class members without making the stand-alone disclosure required by the FCRA.  *See* 15 U.S.C. § 1681b(b)(2).Plaintiff Swink and the FCRA Rule 23 Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A). Plaintiff Swink and the FCRA Rule 23 Class members are also entitled to

punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2). Plaintiff Swink and the FCRA Rule 23 Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

178. **WHEREFORE**, Plaintiff Feiertag on behalf of themselves and the FLSA Collective, prays for relief as follows:

A. Designate this action as a collective action on behalf of all similarly situated individuals and promptly issue court-supervised notice to those individuals to apprise them of this pending action and permit them to timely assert FLSA claims in this action by filing individual consent forms, pursuant to 29 U.S.C. §216(b).

B. Judgment that Defendant's practices violate the FLSA;

C. Judgment against Defendant in the amount of Plaintiff Feiertag and the FLSA Collective's unpaid back wages at the applicable rates;

D. Find that Defendant's FLSA violations were willful;

E. Award Plaintiff Feiertag and the FLSA Collective all damages, liquidated damages, costs and attorneys' fees incurred in prosecuting this action;

F. Award prejudgment interest to Plaintiff Feiertag and the FLSA Collective and post judgment interest;

G. Leave to add additional plaintiffs by motion, by filing additional consent forms, or any other method approved by the Court;

H. Leave to amend the Complaint to add additional federal and state law claims; and

I. For all such further relief as the Court deems equitable and just.

179. **WHEREFORE**, the State Law Class Representatives, on behalf of themselves and all members of the Rule 23 State Law Classes, prays for relief as follows:

A. Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Rule 23 Classes

B. Appoint each of the State Law Class Representatives as Class Representatives of the Rule 23 class they seek to represent and appoint

their counsel as Class Counsel;

C.     Judgment that Defendant's practices violate their respective states' wage and hour laws;

D.     Award the State Law Class Representatives and the Rule 23 State Law Classes all damages, liquidated damages, civil penalties, and prejudgment interest available;

E.     Award the State Law Class Representatives and the Rule 23 State Law Classes all costs and attorneys' fees incurred prosecuting this claim;

F.     Such further relief as the Court deems just and equitable.

180.     **WHEREFORE**, Plaintiff Swink, on behalf of himself and as a representative of the FCRA Rule 23 Class, prays for relief as follows:

A.     Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

B.     Designating Plaintiff Swink as Class Representative and designating Plaintiff's Counsel as counsel for the class;

C.     Issuing proper notice to the class at Defendant's expense;

D.     Declaring that Defendant committed multiple, separate violations of the FCRA;

E.     Declaring that Defendant acted willfully, in deliberate or reckless disregard of Plaintiff's and class members' rights and Defendant's obligations under the FCRA;

F.     Awarding statutory and punitive damages as provided by the FCRA;

G.     Awarding reasonable attorneys' fees and costs as provided by the FCRA;

H.     All available equitable relief; and

I.     Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

181.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, the FLSA Collective, and the Rule 23 Classes demand a trial by jury.

Dated:  April 6, 2016

**NICHOLS KASTER, PLLP**

s/ Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133*
Anna P. Prakash, MN Bar No. 0351362*
Brittany B. Skemp, MN Bar No. 0395227*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com
aprakash@nka.com
bbachmanskemp@nka.com
*Admitted *pro hac vice*

**MEIZLISH & GRAYSON, INC.**
Bruce H. Meizlish, OH Bar No. 0033361
Deborah R. Grayson, OH Bar No. 0062777
Second National Building
830 Main Street, Suite 999
Cincinnati, OH 45202
Telephone: (513) 345-4700
Fax: (513) 345-4703
brucelaw@fuse.net
drgrayson@fuse.net

**NACHT, ROUMEL, SALVATORE,
BLANCHARD & WALKER, P.C**.

David M. Blanchard, MI Bar No. P67190*
101 North Main Street, Suite 555
Ann Arbor, Michigan 48104
dblanchard@nachtlaw.com

**ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE COLLECTIVE AND
RULE 23 CLASSES**